IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

COBY TOWNSEND HURST                                                                                        PLAINTIFF

v.                                      Civil No. 5:22-cv-05088

DR. MARK RUCKER; NURSE
DANIEL BURSON; and MERCY
HOSPITAL ARKANSAS d/b/a
Mercy Hospital Northwest Arkansas                                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Coby T. Hurst ("Hurst"), purports to bring a state medical battery claim under 28 U.S.C. § 2671. He proceeds *pro se* and has paid the filing fee in full. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Hurst is incarcerated in the Randall L. Williams Correctional Facility of the Arkansas Division of Correction. The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A.

### I.     BACKGROUND

Hurst was transported by ambulance to Mercy Hospital in Rogers, Arkansas.[1] (ECF No. 1 at 1). Upon arrival, Dr. Mark Rucker ordered a number of tests including a urine specimen. *Id.* When Hurst, who was handcuffed, could not provide the specimen, he asked a nurse to turn the water on. *Id.* His request was refused. *Id.* at 2. Hurst advised Nurse Burson that he did not consent to be catheterized. Nurse Burson then came at Hurst with a tube yelling and

---

[1] Hurst previously brought a federal civil rights action under 42 U.S.C. § 1983 which included the same factual allegations made here. *See Hurst v. Rucker, et al.,* Civil No. 5:21-cv-5029.

proceeded forcibly catheterize Hurst. *Id.*

Hurst began yelling that he was in pain and had been raped. (ECF No. 1 at 2). Hurst then told Nurse Burson he and his family would be blown up by "China Nukes" and would all die. *Id.* Hurst indicates his urine was bloody for three days following the catheterization and asserts he has been having pain deep in his groin for the past two years. *Id.* Hurst contends the forced catheterization constitutes medical battery. (ECF No. 1 at 2-5).

## II.    DISCUSSION

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). The presence of subject matter jurisdiction is a threshold requirement that the court must determine even in the absence of a challenge from a party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Here, Hurst maintains he is bringing his claim under 28 U.S.C. § 2671. However, § 2671 merely provides definitions for the terms "federal agency" and "employee of the government." Section 2671 provides the definitions for claims under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346(b). The FTCA "allows a plaintiff to bring certain state-law tort claims against the United States for torts committed by federal employees acting within the scope of their employment." *Brownback v. King*, ___ U.S. ___, 141 S. Ct. 740, 744 (2021). This case involves neither a federal agency or any employees of the federal government. Clearly, jurisdiction does not exist under the FTCA.

Nor does the Court have diversity jurisdiction. To establish diversity jurisdiction, two requirements must be met: (1) the parties must be citizens of different states; and (2) the amount in controversy must exceed $75,000 exclusive of costs and interest. 28 U.S.C. § 1332(a). Here

all parties are citizens of Arkansas. There appears to be no other possible basis for subject matter Jurisdiction.

### III.   CONCLUSION

For these reasons, it is recommended that this case be dismissed without prejudice as the Court lacks subject matter jurisdiction.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 10th day of June 2022.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE